AURELIO BONILLA ET AL., Plaintiffs and Appellants, *v.* LOÍZA SUGAR COMPANY, Defendant and Appellee.

No. 9417. Argued May 1, 1947.—Decided May 29, 1947.

360

*Benjamín Ortiz* and *Alvaro Ortiz* for appellants. *Sifre, Franceschi & Sifre,* for appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

This is an action for damages wherein the District Court of San Juan granted a motion for nonsuit filed by the defendant, and rendered judgment dismissing the complaint. Plaintiffs have appealed, and as an only assignment of error, they urge that "the lower court committed error of law in failing to apply the doctrine of attractive nuisance in this case and in granting the motion for nonsuit filed by the defendant and in rendering judgment dismissing the complaint."

An examination of the transcript of the evidence reveals that the findings of the trial court, based on plaintiff's evidence, and as set forth in the "Statement of Facts Proved and Conclusions of Law," conform to said evidence. They read as follows:

"1. That defendant owns in the ward of Ausubal, Canóvanas, railroad tracks on which it usually parks its cars for the loading and transportation of sugar cane.

"2. That parallel to these tracks and at a distance of about three feet, there is a road, or rather, a path, which the neighbors of said ward use, and which is at a lower level than the embankment on which said tracks are laid.

"3. That on *November 18, 1942,* the defendant parked on said tracks and place three cars: two of them grouped together and the third one alone at a certain distance from the others.

"4. That plaintiff *Eladia Santiago,* who lived in said ward went to Canóvanas on said day taking her three-year-old daughter to the doctor and that when she returned from Canóvanas to her home she used that road or path, carrying her daughter in her arms, at about one o'clock in the afternoon. That because the road was muddy, plaintiff, with her daughter in her arms, then and there abandoned said road or path and went on the embankment of the road and walked on the rails and ties thereof.

"5. That while said plaintiff was traveling along the rails and ties of the tracks in the direction of the first car, some boys of the neighborhood who then and there were playing with the other cars pushed the latter towards the car that was standing alone and towards which the plaintiff was walking with her daughter, causing the former to collide with the latter at the very moment that plaintiff and her daughter reached the place, which car upon being hit by the other two cars struck said plaintiff; that she fell to the ground unconscious letting go of her small daughter who fell on the rails at a certain distance, sustaining serious injuries as a result of which she died on that same day."

Based on those facts the court decided that the defendant was not responsible for the damages caused to plaintiff, first, because it does not appear from the evidence, nor is it inferred therefrom, that the boys who caused the cars to move were agents or employees of the defendant in the discharge of any work for the latter or within the scope of any employment as such; second, because the defendant was not bound to anticipate the presence of the plaintiff, walking with her daughter in her arms over the rails in said place, and that by so traveling they acted as trespassers, to whom defendant owed no duty under the law; third, because defendant did not perform any act or incur in any omission which might be considered as legally constituting fault or negligence towards the minor deceased, nor did it violate any legal duty towards her; fourth, because the proximate and immediate cause of this accident was solely the negligence of plaintiff Eladia Santiago; and, fifth, because even if the acts of the boys who pushed the cars could have been imputed to the defendant and the latter could have been remotely considered guilty of negligence, plaintiff Eladia Santiago was likewise guilty of contributory negligence, imputable to the deceased, in abandoning a place of safety in the road or path where she was traveling and trespassing on the embankment of the tracks in order to walk, with her daughter in her arms, on the rails and ties of said tracks, which contributory negligence was the proximate and immediate cause of the accident.

We have carefully read the transcript of the evidence in this case and we are of the opinion that the findings of fact made by the lower court are supported by the evidence. According to these facts the trial court did not err in not applying the doctrine of attractive nuisance in this case. Appellants do not cite any authority in support of their contention that this doctrine is applicable when the injured party is a third person and not the child itself in interfering with, or putting in motion the instrument, apparatus, or machine, which, being by its nature attractive to children, caused the damage. The case of *Ramos* v. *Sucn. Serrallés,* 51 P.R.R. 332, cited by them is clearly distinguishable and inapplicable.

But, even assuming, without deciding, that said doctrine could be applied to a case whose very special facts should justify that it be extended to damages caused to a third person, whether of legal age or a minor, the facts proved in the case at bar show that the proximate cause of the accident was not the fact that the children put in motion defendant's car, but the fact that plaintiff, Eladia Santiago, left the road or path on which she traveled to go to the embankment where the tracks were laid and continued walking over the ties. If she had not left the place of safety where she had a right to travel, the cars put in motion by the boys could have continued running along the tracks without causing any damage to her or her daughter. Defendant could not anticipate that plaintiff would act in the manner in which she did even if we should accept, without deciding it, that it could have foreseen or anticipated that some children might put the cars in motion.

Plaintiff's evidence did not show that defendant failed to comply with any duty towards the deceased minor or towards plaintiff Eladia Santiago. Therefore, it did not incur in negligence; but even if it did, it would not be liable for the damages caused by the accident inasmuch as the evi-

dence reveals that plaintiff was guilty of contributory negligence and that this was the proximate cause of the accident. We have already held that a defendant may rest exclusively on plaintiff's evidence in support of said defense. *Ortiz* v. *Am. Railroad Co.*, 62 P.R.R. 171.

The judgment below is affirmed.